Darren J. Quinn (149679)
LAW OFFICES OF DARREN J. QUINN
12702 Via Cortina, Suite 105
Del Mar, CA 92014
Tel: (858) 509-9401

*Attorneys for Plaintiff Olaes Enterprises, Inc.*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLAES ENTERPRISES, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> JP IMPORT, LLC, a California limited liability company, <br><br> Defendant. | CASE NO. **'26CV4253 JO    MSB** <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR A JURY TRIAL** |

Plaintiff makes the following allegations on information and belief:

## INTRODUCTION

1. This is an action for copyright infringement under the Copyright Act of the United States, 17 U.S.C. §§101 *et seq*.

2. Plaintiff is the creator and owner of copyrighted graphic designs used on clothing apparel that is very popular and readily available at numerous retail locations nationwide. Defendant copied and/or reproduced plaintiff's copyrighted designs, and/or manufactured, distributed, marketed and/or sold infringing copies thereof. Plaintiff seeks all relief available to it for copyright infringement under the Copyright Act of the United States, 17 U.S.C. §§101 *et seq*.

## JURISDICTION AND VENUE

3. This court has jurisdiction of this action under federal copyright laws, 28 U.S.C. §1331 and §1338(a).

4. Venue is proper in this district under 28 U.S.C. §1400(a) because defendant or its agents reside or may be found in this district. Defendant advertises, markets and/or sells goods in this district via the Internet or directly, including shipping infringing product to this district. Defendant's wrongful conduct caused harm in this district, which harm defendant knew and/or intended would occur in this district.

## THE PARTIES

5. Plaintiff OLAES ENTERPRISES, INC. dba ODM ("ODM") is a California corporation. Plaintiff is the owner of the copyrights that were infringed by the defendant.

6. Defendant JP IMPORT LLC is a California limited liability company that has offices in California, including at 6316 Charlet Dr., Commerce, CA 90040. On information and belief, JP IMPORT LLC infringed plaintiff's copyrights.

\\

\\

COMPLAINT FOR COPYRIGHT INFRINGEMENT

-1-

## CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT

7.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 6 of this Complaint.

8.    Plaintiff ODM is a design house that creates art.   Plaintiff has created thousands of designs that contain a large amount of plaintiff's wholly original material and are copyrightable subject matter under the laws of the United States.

9.    Most of plaintiff's copyrighted designs are used on clothing apparel such as t-shirts, sweatshirts, jackets and hats.  Plaintiff's designs are also used on other items such as posters, tattoos, blankets, beach towels, car seat covers, air fresheners and many other products.

10.    Products containing plaintiff's copyrighted designs have been sold nationwide to more than 5,000 independent retailers, speciality stores (such as Hot Topic), department stores (such as Belks and Dillards), mid-tier stores (such as Sears) and large mass marketers (such as Wal-Mart and Target).

11.    Unscrupulous artists, manufacturers, wholesalers and/or retailers frequently sell plaintiff's copyrighted designs without plaintiff's permission.  In plaintiff's experience, such unscrupulous artists, manufacturers, wholesalers and/or retailers frequently steal several of plaintiff's designs knowing that the risk of ever being caught is small in the constantly changing and large apparel industry.

12.    Plaintiff vigorously attempts to protect its original designs.  Plaintiff owns hundreds of United States copyright registrations, including but not limited to registrations for the copyrights at issue in this action.  Once plaintiff discovers one instance of copyright infringement of plaintiff's copyrighted designs by an unscrupulous artist, manufacturer,

wholesaler and/or retailer, further investigation by plaintiff has usually uncovered additional instances of copyright infringement of plaintiff's copyrighted designs.

13.    Plaintiff has complied in all respects with the Copyright Act of the United States and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyrights at issue in this action.   The United States Copyright Office has issued U.S. Copyright Registrations for the copyrights at issue in this action.

14.    Defendant has infringed, directly or through agents, plaintiff's copyrights. Defendant sold blankets containing design elements probatively and substantially similar to design elements contained in plaintiff's copyrighted designs.  Plaintiff does not claim that any word or short phrase (including trademarks) constitute a copyrightable element of plaintiff's designs.

15.    Plaintiff's registered copyright for NOV BEST BUDS (VA 1-375-508, June 15, 2006) is attached hereto as **Exhibit A** includes the following copyrighted art:



16.     Defendant sold and shipped to this district a blanket that infringes plaintiff's registered copyright for NOV BEST BUDS (VA 1-375-508, June 15, 2006) because it contains the following infringing art:



17.     Defendant's infringement is willful because it admits plaintiff's copyrights by stating on the packaging: "© 2008, 2019 ODM. All rights reserved."

18.     Defendant's infringing packaging falsely states that "Licensed and Manufactured by JP Import LLC."  Plaintiff has no written license agreement with defendant JP Import LLC.

Defendant's infringing packaging indicates that the infringing blanket was manufactured in China.

19.    On information and belief, defendant's infringement is not limited to the copyrighted design listed above.  Plaintiff will identify such additional infringing designs after discovery into all designs, marketing materials, sales materials, and sales records of defendant.

20.    Plaintiff has been and still is the sole proprietor of all right, title, and interest in its copyrights.  Defendant's use, production, distribution, sale, copying and/or reproduction of plaintiff's copyrights is and has been without the consent and/or authorization of plaintiff.  The activities of defendant complained of herein constitute willful and intentional infringement of plaintiff's copyrights and are in total disregard of plaintiff's rights.

21.    Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the acts of defendant in an amount thus far not determined.

22.    As result of such infringement, plaintiff seeks all remedies available to it pursuant to the Copyright Act including, but not limited to:

a.    Seizure, impoundment and/or destruction of all of the products used to perpetrate the infringing acts pursuant to 17 U.S.C. §503.  On information and belief, defendant and/or third parties have documents reflecting the total number of infringing goods manufactured, distributed, sold and still remaining in inventory including but not limited to production reports, shipping invoices, bills of lading, sales invoices, and inventory-on-hand reports.  On information and belief, these documents reflect the style/item numbers for defendant's infringing products and designs.  Defendant and/or third parties has sales and marketing

materials reflecting the images of infringing products/designs and associated style/item numbers including sales catalogs.

b.      Actual damages suffered by plaintiff as a result of the infringement pursuant to 17 U.S.C. §504 (b).   One measure of actual damages is the fair market value of a license covering the defendant's infringing use of plaintiff's designs.  To the extent applicable, plaintiff seeks an additional award of two times the amount of the license fee that the proprietor of the establishment concerned should have paid the plaintiff for such infringing use during the preceding period of up to 3 years pursuant to 17 U.S.C. §504(b)

c.      Any profits of defendant that are attributable to the infringement and are not taken into account in computing the actual damages pursuant to 17 U.S.C. §504 (b).  On information and belief, defendant and/or third parties has documents that reflect the profits of defendant that are attributable to the infringement including sales invoices for the infringing designs and all documents showing defendant's direct costs of production.

d.      Statutory damages (at plaintiff's election) instead of actual damages and profits, for all infringements involved in the action, with respect to any one work, for which any one defendant is liable individually, or for which defendant is liable jointly and severally with another, in a sum of not less than $ 750 or more than $30,000 as the court considers just pursuant to 17 U.S. C. §504(c)(1).  To the extent the court finds that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $ 150,000 per violation, pursuant to 17 U.S.C. §504(c)(2).

COMPLAINT FOR COPYRIGHT INFRINGEMENT

-6-

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and/or orders as follows:

1.     That defendant be held to have infringed, directly or otherwise, plaintiff's copyrights.

2.     That defendant be required to account for all gains, profits and advantages derived from each of its infringements of plaintiff's copyrights and to pay plaintiff such damages as plaintiff has sustained in consequence of each of defendant's infringements, or such damage as to this court shall appear proper within the provisions of the Copyright Law, including, without limitation, statutory damages up to $150,000 per violation in an amount no less than $150,000 based on the at least one (1) infringing work that infringes at least one (1) of plaintiff's copyrights;

3.     That all of the products used to perpetrate the infringing acts be seized, impounded and destroyed.

4.     That a preliminary and permanent injunction issue restraining and enjoining defendant, and defendant's officers, agents, attorneys, directors, employees and those acting in privity or in concert with them, from directly or indirectly using, in any fashion, any of plaintiff's copyrighted works;

5.     That all gains, profits and advantages derived by defendant from its acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of plaintiff to avoid dissipation and/ or fraudulent transfers of such monies by defendant;

6.     That defendant be ordered to pay compensatory damages;

7.     That defendant pay to plaintiff its costs of this action, expenses, and reasonable attorney's fees;

8.     That defendant pay to plaintiff prejudgment interest; and

9.     Such other and further relief as the court may deem necessary or appropriate.

\\

\\

COMPLAINT FOR COPYRIGHT INFRINGEMENT

-7-

Dated: July 24, 2026

LAW OFFICES OF DARREN J. QUINN
DARREN J. QUINN


s/s Darren J. Quinn
Darren J. Quinn

12702 Via Cortina, Suite 105
Del Mar, CA 92014
Telephone: (858) 509-9401

*Attorneys for Plaintiff Olaes Enterprises, Inc.*

## **DEMAND FOR A JURY TRIAL**

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: July 24, 2026

Respectfully submitted,

LAW OFFICES OF DARREN J. QUINN
DARREN J. QUINN


s/s Darren J. Quinn
Darren J. Quinn

12702 Via Cortina, Suite 105
Del Mar, CA 92014
Telephone: (858) 509-9401

*Attorneys for Plaintiff Olaes Enterprises, Inc.*